In a petition for rehearing, counsel for the appellant called attention to several enactments dealing with limitations of tax levies, the last of which is chapter 318 of the Session Laws of 1923. It was submitted that these statutes worked a complete repeal of § 2150 of the Compiled Laws for 1913 and that, as no limitation was elsewhere placed upon the amount that the county commissioners might levy for ordinary county revenue than, possibly, the aggregate of items in the county budget (Sess. Laws 1923, chap. 189), there was in fact no limit upon the amount that might be expended in any one year for a court house or addition to a court house, as the power of the commissioners was defined in the original opinion. Notwithstanding that the court was mindful of all of the legislation to which counsel referred in the petition, a rehearing was ordered, to the end that a matter of such public importance might be definitely determined, and the rehearing has been had.
As indicated in the original opinion, the legislative acts relied upon to stamp the proceedings complained of as illegal because undertaken without the submission to a vote, were acts that admittedly coexisted for many years with § 2150, supra, and the contentions depended altogether upon the force of the term "extraordinary outlays." If the expression "extraordinary outlays," as used in the statutes for many years, signified outlays that could not be provided for by the annual tax, it could scarcely be given a new definition judicially, following a legislative change in the permissible annual tax through a repeal of § 2150. Hence, the subsequent legislation was not regarded as having a controlling significance. But, nevertheless, we have been disposed to consider carefully the contentions that counsel make based thereon. *Page 232 
We are of the opinion that § 2150, in so far as it limits the levy for ordinary county revenue, has not been repealed by the later legislation referred to. None of the acts purport to repeal it, and the last act, which is the one upon which the contention in reality is based (Sess. Laws 1923, chap. 318), in its title purports to be an act to limit the rate in mills which may be levied by taxing districts, to provide a method of suspending such limitations and to repeal all acts or parts of acts in conflict. The only provisions in the entire chapter which relate to county taxes are § 5, which limits the amount that may be levied for road and bridge purposes, and § 7, which renders inoperative "the foregoing limitations" as to county tuition, levies for grasshopper pests, gopher extermination, etc. Then, in § 8, it is provided, to use the language of the statute: "The limitations imposed by this act shall supersede and be substituted for all limitations upon the tax levying power imposed by statutes heretofore in effect as to taxes other than those excepted by § 7 of this act, whether such former limitations be expressed in terms of the aggregate levy in mills or in terms of the levy for each individual purpose, or in whatever other manner expressed."
Now, it is certainly obvious that this act nowhere imposes limitations upon the authority to levy for ordinary county revenue. Indeed, the very contention of counsel is that it has the effect of removing all limitations. The legislature has said that the limitations imposed shall supersede and be substituted for other limitations; not that the former limitations shall be repealed leaving nothing to take their place. Since repeals by implication are not favored, and since the language relied upon as affecting the repeal shows a clear legislative purpose to supersede former limitations by others contained in the act, rather than to remove pre-existing limitations not superseded, the former limitations applicable to ordinary county revenue may continue to operate without conflicting with any limitation contained in chapter 318. Furthermore, a title which serves notice of a purpose to "Limit the Rate in Mills" would be inappropriate to cover the subject of removal of mill limitations without the substitution of new ones. Hence, the former are not repealed.
Counsel for the appellant concede that § 3280 of the Compiled Laws for 1913 was properly construed in the original opinion in so far as *Page 233 
the expression "extraordinary outlay" was deemed the equivalent of an expenditure greater in amount than could be provided for by the annual tax, but they argue that the term "annual tax," as used in § 3280, means something entirely different from "annual revenue of the county for the current year," as expressed in § 3294, and that it must be construed as embracing only the levy to meet the anticipated county expenses for the ensuing year, plus 5 per cent of such amount, plus the levy for interest and indebtedness, under § 2148 of the Compiled Laws for 1913. They contend that a levy to carry out the purposes of § 3294 is not such an expense as may be levied for within § 2148 and that the utmost that could be provided thereunder for such a purpose is 5 per cent of the aggregate expense levy. As indicated in the original opinion, however, the authority to levy taxes for the public improvements mentioned in § 3294 of the Compiled Laws for 1913 was the authority contained therein and in the general revenue law of the territory to levy "for ordinary county revenue," as distinguished, perhaps, from extraordinary or special levies. Dak. Laws 1868-69, § 30, chap. 25. Provision for these improvements seems to have been regarded as an ordinary county expense. This authority has ever since continued and is now found in similar language in § 2150 of the Compiled Laws for 1913. Indeed, it was re-enacted as a section of the comprehensive revenue and taxation act of 1897 (Sess. Laws 1897, chap. 126), which first brought into the revenue act § 2148 of the Compiled Laws for 1913. See §§ 50 and 51, chap. 126, Sess. Laws 1897. As respects county taxes, there is no radical difference between § 2148 and the pre-existing statute which required the commissioners to levy "the necessary taxes for the current fiscal year." See § 1219, Rev. Codes 1895. Section 3294, now as in the beginning, says expressly that the county commissioners shall have authority to provide for the improvements mentioned. Hence, we are of the opinion that whatever authority the county commissioners had, prior to the enactment of § 2148, to levy taxes to carry out the purposes of § 3294, they continued to have thereafter. We are further of the opinion that any difference in meaning between the expressions "greater than can be paid out of the annual revenue of the county for the current year," found in § 3294, and "greater than can be provided for by the annual tax" (Comp. Laws 1913, §§ 3280, 3281), would not warrant us in holding a vote *Page 234 
to be prerequisite where the expense of the proposed, authorized improvement is to be met from annual revenue derived from the annual tax of the current year.
It is also argued that this case is controlled by the decision in Boettcher v. McDowell, 43 N.D. 178, 174 N.W. 759, wherein the court, in construing § 3280 of the Compiled Laws for 1913 in connection with § 3294 and the intervening sections which provide, among other things, for a mode of submitting propositions to a vote, used the following language (page 188):
"Considering the various sections referred to together, it is apparent that the vote referred to in § 3280, as being a prerequisite to the construction of public buildings or aiding in the construction of highways and bridges, is a vote upon such questions when the levying of taxes to provide the funds therefor is contemplated; or, possibly, it was intended, in the case of county buildings, where such buildings already exist, to require a vote before a new building could be built by using a building fund accumulated by gradual accretions of unexpended balances. It may be that it was designed to prevent the use of such balances without popular vote where they result from levies for other purposes which had purposely been made high with a view to the subsequent transfer. So construed, the statute would defeat any attempt to thus evade the requirement of a popular vote on a building tax."
It must be obvious that the court, in using this language with particular reference to § 3280, had in mind the specific requirement therein for a vote upon the proposition of building a court house or other public building "by establishing a building fund to aid in the construction of the same," and when it was stated that the section required a vote upon such question when the levying of taxes to provide the funds was contemplated, the "funds" referred to are those which result from the establishment of the building fund mentioned in the statute in contradistinction to those that might be on hand in a new county as a result of a settlement with the county from which there has been a recent separation. It is the establishing of this fund that §§ 3280 and 3283 specifically require to be submitted to a vote. The expression "establishing a building fund" takes on a definite meaning in the statute, and does not refer to an amount that may be on hand subject to being expended for a court house at a given time, as in the Boettcher *Page 235 
Case. There is no requirement that a building fund, as such, be established before undertaking a public improvement of this character, and, as stated in the original opinion herein, the defendants did not proceed here by establishing a building fund. While it is true that the proposed improvement will be paid for from funds derived from one annual tax levy, we find no statute that can properly be construed, either as prohibiting the levy from including such an item, or as prohibiting the expenditure of the proceeds. On the contrary, power has been expressly delegated to the Commissioners to effect such an improvement (Comp. Laws 1913, § 3294), and the county budget law directs the inclusion within the annual budget of items covering "each public improvement" and "each and every purpose authorized by law." (Sess. Laws 1923, § 2, ¶ 3, chap. 189). In view of all the legislation concerning the matter, we are of the opinion that a holding which would require a vote as a prerequisite to such an undertaking as the one here proposed, would amount to judicial legislation. The legislature never having limited the power of county commissioners with respect to the construction of additions to or improvements upon county court houses, where the contemplated expenditure is within the "annual revenue" (§ 3294) or "not greater in amount than can be provided for by the annual tax" (§§ 3280 and 3281), this court can not do so.
Judgment affirmed.
CHRISTIANSON, Ch. J., and JOHNSON, BURKE, and NUESSLE, JJ., concur.